# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Jimmi Alexander Quintanilla Morales, | Case No.: 2:26-cv-01920-JAD-DJA |
| Petitioner | **Order Appointing Counsel, Directing Service of 28 U.S.C. § 2241 Petition, and Setting a Briefing Schedule** |
| v. | |
| John Mattos, | [ECF No. 1] |
| Respondent | |

Petitioner Jimmi Alexander Quintanilla Morales, an immigration detainee who is challenging the lawfulness of his federal detention at the Nevada Southern Detention Center, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241 and paid the $5 filing fee.[1]  Having conducted a preliminary review of the habeas petition, I direct that the petition be served on the United States Attorney's Office for the District of Nevada.  I also appoint counsel because I find that it is in the interest of justice given, among other things, the complexities of this case,[2] and I set a briefing schedule for an amended petition, response, and reply.

IT IS HEREBY ORDERED that **the Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner** and is directed to file a notice of appearance (or indicate its inability to represent the petitioner) within 7 days of the date of this order.  If the FPD is unable to represent the petitioner because of a conflict of interest or for any other reason, alternate counsel will be appointed.  Appointed counsel will represent the petitioner

---

[1] ECF Nos. 1.

[2] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due-process violations or when the interests of justice so require.  18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that if the FPD files a notice of appearance in this matter, it will then have 14 days to file an amended petition (or to indicate that an amended petition is unnecessary). The FPD must effectuate service of the amended petition on the respondents.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

1. **SEND** a copy of the petition (ECF No. 1) and this order to the FPD at ecf_nvchu@fd.org, the petitioner, and the CJA Coordinator for this division.

2. **ADD** the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Under the District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

3. **MAIL** a copy of the petition (ECF No. 1) and this order under Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

4. **SEND** a courtesy copy of the petition (ECF No. 1) and this order to Ashlee Hesman (Mattos's attorney) to ahesman@strucklove.com.

5. **MAIL** a copy of this order to Ivan Morales, 5370 E. Craig Road Apt. #1282, Building 37, Las Vegas, NV 89115.

IT IS FURTHER ORDERED that the United States Attorney's Office for the District of Nevada must file a notice of appearance within 7 days of the date of this order and file and serve their answer to the amended petition within 7 days of service of the petitioner's counseled amended petition. The respondents must incorporate any arguments for dismissal into its

response on the petition's merits—filing a separate motion to dismiss is not permitted. The respondents must file any documents referenced or relied upon in their responsive pleading with that pleading. Petitioner will then have 7 days to file a reply.

IT IS FURTHER ORDERED that the **USAO must produce the following documents to the FPD** (or certify that such documents are not in their custody or control) **within 7 days of the date of this order**:

1.    I-200 Warrant for Arrest of Alien;

2.    Form I- 286 Initial Custody Determination;

3.    I-862 Notice to Appear;

4.    Form I-213 Record of Deportable or Inadmissible Alien;

5.    All immigration court orders in the petitioner's removal proceeding;

6.    Documents certifying any appeal of any immigration court orders by Department of Homeland Security or the petitioner; and

7.    Transcripts and/or audio recordings of any custody redetermination proceedings.[3]

IT IS FURTHER ORDERED that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

---

[3] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (finding that courts may require the production of evidence if necessary to "dispose of the matter as law and justice require"); Rule 6 of the Rules Governing § 2254 Cases (permitting the production of evidence upon good cause shown). I apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

IT IS FURTHER ORDERED that **the respondents must not transfer the petitioner out of this district, with the exception of effectuating the petitioner's lawful deportation.**[4]  In the event of lawful deportation, the respondents' counsel must file a notice with the court within 5 days from deportation.

_____
U.S. District Judge Jennifer A. Dorsey
June 30, 2026

---

[4] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").